UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MUBARAK ALI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:09-cv-0170 |
| SUGARLAND PETROLEUM ET AL., | § § § | |
| Defendants. | § | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Class Notice and Expedited Discovery (Doc. No. 36), and Plaintiff's Motion to Equitably Toll the Statute of Limitations (Doc. No. 56). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Plaintiff's Motion for Class Notice and Expedited Discovery should be denied without prejudice, and Plaintiff's Motion to Equitably Toll the State of Limitations should be denied as moot.

I.     BACKGROUND

This suit involves claims by Ali ("Ali" or "Plaintiff") that Defendants failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

Ali worked for at least two Defendants from September 2006 to March 2007 (Compl. ¶ 114-115.) During his period of employment he worked as a store clerk, performing duties as a cashier, clerk, and gas station attendant. (*Id.* ¶ 116.) Ali alleges that he was paid ten dollars per hour. (*Id.* ¶ 117.) He further alleges that he routinely worked over sixty hours per week, and was not allowed to take any lunch or other breaks.

He was expected to eat while working on his shift. (*Id.* ¶ 119-121.) In the last three years, Ali alleges, all store clerks at Defendants' gas stations and convenience stores were required to work in excess of forty hours per week and were not paid their overtime wages. (*Id.* ¶ 122.) In addition, Ali maintains that Defendants failed to pay him wages for the final two weeks of his employment. (*Id.* ¶ 124.)

Ali filed suit against twenty-five Defendants, alleging violations of FLSA.[1] Alleging that Defendants operate as a unified enterprise with a "uniform set of work requirements and pay practices for all its employees," Ali now moves for conditional certification of a collective action, pursuant to 29 U.S.C. § 216(b).

## II. LEGAL STANDARD

The FLSA requires covered employers to pay nonexempt employees for the time they work in excess of defined maximum hours. 29 U.S.C. § 207(a). It also creates a cause of action for employees against employers violating the overtime compensation requirements:

> An action . . . may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "A representative action brought pursuant to this provision follows an 'opt-in' rather than an 'opt-out' procedure." *Villatoro v. Kim Son Restaurant*, 286 F. Supp. 2d 807, 908 (S.D. Tex. 2003) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995)). District courts have discretion in deciding whether and how to

---

[1] Plaintiff has subsequently agreed to dismiss five Defendants: Alief Petroleum, LP d/b/a/ Almeda Shell d/b/a Market Shell; Alief Petroleum GP, LLC; Faisal Zakaria; Abdul Hamid Zakaria, and Mohammed Azam Zakaria. (Pl.'s Mot. for Class Notice and Expedited Disc. 9.) These Defendants have not yet been dismissed formally from the case.

2

award "timely, accurate, and informative" notice to plaintiffs. *Hoffman La-Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

Courts recognize two different approaches to determine whether to authorize notice to employees of their right to join the collective action suit. The first approach is typified by *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), whereby courts use a two-step process to determine whether employees are similarly situated. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003)).[2] The second approach follows *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990) in treating the collective action authorization as coextensive with Rule 23 class certification. *Villatoro v. Kim Son Rest.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003). In *Mooney*, the Fifth Circuit did not endorse either method. *Id.* However, most courts, including this one, follow the *Lusardi* approach and conduct a two-stage certification process. *Maynor v. Dow Chem. Co.*, 2008 WL 2220394, at *4 (S.D. Tex. 2008); *Villatoro*, 286 F. Supp. 2d at 810.

During the first step, known as the notice stage, district courts decide based on pleadings and affidavits whether notice of the suit should issue to potential collective action members. *Id.* at 1214. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.*

At the notice stage, courts generally require "'nothing more than substantial allegations that the putative class members were together the victims of a single decision,

---

[2] Although *Mooney* is an Age Discrimination in Employment Act ("ADEA") case, it applies because the ADEA "explicitly incorporates" Section 216(b). *Villatoro*, 286 F. Supp. 2d at 807, 809 n.2.

policy, or plan infected by discrimination.'" *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)); *see also Beall v. Tyler Techs., Inc.*, 2009 WL 1766141, at *2 (E.D. Tex. 2009); *Gandhi v. Dell Inc.*, 2009 WL 1940144, at *7 (W.D. Tex 2009); *Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678, 686 (D. Kan. 2009); *Kuperman v. ICF Int'l*, 2008 WL 4809167, at *5 (E.D. La. 2008); *Maynor v. Dow Chem. Co.*, 2008 WL 2220394, at *5 (S.D. Tex. 2008). A factual basis for the allegations must be presented, and there "must be a showing of 'some identifiable facts or legal nexus [that] binds the claims so that hearing the cases together promotes judicial efficiency.'" *Maynor*, 2008 WL 220394, at *5 (quoting *Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003)). "'[A] plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join in the lawsuit.'" *Morales v. Thang Hung Corp.*, 2009 WL 2524601, at *3 (S.D. Tex. 2009) (quoting *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007)). If a district court conditionally certifies the class during the notice stage, the action "proceeds as a representative action throughout discovery." *Mooney*, 54 F.3d at 1214.

The second step of the *Lusardi* approach is triggered by a defendant's motion for decertification, which is filed when discovery is complete. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds that the plaintiffs are similarly situated, the case proceeds to trial as a collective action suit. If the court finds that plaintiffs are not similarly situated, it decertifies the class, and the opt-in

4

plaintiffs are dismissed without prejudice. *Id.* The original plaintiffs then continue to trial on their individual claims. *Id.*

Notice issues when, at the first stage, a court conditionally certifies the case as a collective action suit. *Maynor*, 2008 WL 2220394, at *6 (citations omitted). The district court may exercise its discretion in defining the class of plaintiffs who will receive notice and how they will be notified. *See id.* at *1 (narrowing the proposed class in a collective action suit); *Hintergerger v. Catholic Health Sys.*, 2009 WL 3464134, at *11 (W.D.N.Y. 2009) (limiting disclosure of potential opt-in plaintiff contact information such as phone numbers and social security numbers).

This case is currently at the notice stage, or the first step of the *Lusardi* analysis. Ali must present a factual basis for his allegations that potential class members were affected by a single decision, policy, or plan. *See supra* p. 4.

### III. ANALYSIS

#### A. Conditional Certification

Plaintiff proposes that he represent a class described as follows:

> All current and former employees of each of the above named Defendants who worked as a 'cashier' or a 'store clerk' or a 'gas station attendant' or a 'gas station clerk' or any other non-exempt hourly or salaried employee 1) who worked at any gas station, convenience store, fast food, or other type of business located in the state of Texas that was owned, operated, and/or acquired by any Defendant during the class period and 2) who claim they were either misclassified as exempt from overtime compensation, or not misclassified but did not receive overtime compensation, and seek payment for such overtime compensation.

(Compl. ¶ 108.)

#### 1. Defendant's Objections

5

Plaintiff has sued twenty-five Defendants, alleging that the different gas station and convenience store locations operate as an "enterprise." Defendants counter that they do not constitute an "enterprise" within FLSA's reach. They argue that each Defendant is a separate entity, and the group together does not collectively own, control, or operate the multiple gas stations and stores being sued by Ali. (Defs.' Resp. to Pl.'s Class Notice and Expedited Disc. 6, 8-12.)

Under FLSA, minimum wage and overtime protections apply to employees of "'an enterprise engaged in commerce or in the production of goods for commerce.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 969 (5th Cir. 1984) (quoting 29 U.S.C. §§ 206-207). To qualify as an enterprise, defendants must, inter alia, meet a statutorily defined volume of sales or business. 29 U.S.C. § 203(s)(1)(A)(ii).

Plaintiff and Defendants devote a substantial number of pages to the question of whether Defendants qualify as an "enterprise" under FLSA. The Court declines to evaluate the question at this stage. *See Riddle v. Suntrust Bank*, 2009 WL 3148768, at *3 (N.D. Ga. 2009). The Court's only task at the notice stage is to determine whether plaintiff is similarly situated to potential class members. The question of whether Defendants' operations collectively constitute an "enterprise" is a merits-based argument that is "not appropriately considered during the notice stage of a collective action." *Morales v. Thang Hung Corp.*, 2009 WL 2524601, at *3 (S.D. Tex. 2009) (citing *Villatoro v. Kim Son Rest.*, 286 F. Supp. 2d 807, 811 (S.D. Tex. 2005)). "Because discovery is incomplete, the record is too limited for this analysis." *Robinson v. Empire Equity Grp.*, 2009 WL 4018560, at *4 (D. Md. 2009). Thus, the Court finds it unnecessary and unwise to reach the fact-intensive "enterprise" question at the notice

stage.[3] Defendants may properly raise the issue in a subsequent motion to decertify or in a motion for summary judgment, when the record is fully developed and the Court may properly analyze the issue. *Pedigo v. 3003 South Lamar, LLP*, --- F. Supp. 2d ---, 2009 WL 3496038, at *5 (W.D. Tex. 2009); *see also Riddle*, 2009 WL 3148768, at *2 (noting that the "availability of various defenses" is an example of a "factual issue[] . . . not considered at [the notice] stage"); *Robinson*, 2009 WL 4018560, at *4 (declining to consider defendant's exemption argument at the notice stage); *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 159 n.10 (N.D.N.Y. 2008) (stating that exemption question stated diverse facts, and it was not the court's place to "make any credibility judgments at the initial FLSA notice stage as it would be inimical to the two-step approach"); *White v. Subcontracting Concepts, Inc.*, 2008 WL 4925629, at *2 (M.D. Fla. 2008) (noting that question of whether plaintiff was entitled to overtime compensation was better left to summary judgment analysis); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 230 (W.D.N.Y. 2006) ("It is not the Court's role to resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations at the preliminary certification stage of an FLSA collective action."); *Clarke v. Convergys Customer Mgmt. Group*, 370 F. Supp. 2d 601, 607 (S.D. Tex. 2005) (noting that fact issues raised by defendant are "of the sort that are appropriate for consideration during the second-stage analysis, and not during the initial 'notice' stage").

---

[3] Whether Defendants constitute an "enterprise" depends on three factors: 1) related business activities; 2) unified operation or common control; and 3) a common business purpose. *Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362, 1366 (5th Cir. 1973) (citations omitted). In considering whether different corporate entities operate as a group, the Fifth Circuit has analyzed evidence such as unified payrolls, the exchange of employees or equipment between business locations, who holds investor and director positions in the company, who controls the managers, whether the entities are marketed jointly, the degree of interdependence between business locations, and familial relationships. *See id.* at 1366-67; *Shultz v. Mack Farland & Sons Roofing Co.*, 413 F. 2d 1296, 1299-1301 (5th Cir. 1969). The record has not been developed to allow the Court to consider these questions now.

7

Defendants also object to certification because certain employees signed arbitration agreements prohibiting them from joining an FLSA collective action suit. (Defs.' Resp. to Pl.'s Class Notice and Expedited Disc. 7, 15-18.) Defendant argues that notice to this group of employees would be improper, since the arbitration policy bars them from opting in on this suit. For the same reasons given above, the Court refuses to consider this merits-based argument until discovery is complete. *See Kuperman v. ICF Int'l*, 2008 WL 4809167, at *8 (E.D. La. 2008) (refusing to consider, at the notice stage, question of whether some potential opt-in plaintiffs properly waived their right to sue). The Court will make the determination at the conclusion of discovery, when it may properly analyze the validity of the arbitration agreement.

The question that properly remains for the Court's consideration is whether Plaintiff has substantially alleged that the putative class members are the victims of a single policy.[4]

### 2. Similarly Situated

Ali asserts that he and numerous other employees of Defendants have not been given any overtime compensation. (Pl.'s Mot. for Class Notice and Expedited Disc. 18.) He states that he has had discussions with other employees of Defendants who were not paid their overtime wages, and he believes the employees are interested in joining the

---

[4] The Court understands that two different strains of logic in the opinion seem to run counter to one another: first, that Plaintiffs need not prove that Defendants acted as an enterprise, and second, that Plaintiff must affirmatively show that he is similarly situated to opt-in plaintiffs because the employees were the victims of a single decision, policy, or plan. The Court recognizes that requiring the Plaintiff to show some evidence of a common policy appears to require some evidence that Defendants were acting in concert. However, to allege a common policy at the notice stage, Plaintiff simply needs to submit affidavits from other employees alleging that they worked at different locations and were subject to a similar overtime policy. Such a showing would be sufficient to meet the lenient standard for collective action certification without needing to undergo the highly fact-intensive question of whether Defendants operated as an "enterprise" under FLSA.

lawsuit. (*Id.* Ex. 2.) Defendant maintains that Plaintiff has not provided sufficient evidence to support his motion.

In support of his assertion that there are other similarly situated employees who wish to join the suit, Ali attaches his own affidavit only. "'[A] plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join in the lawsuit.'" *Morales v. Thang Hung Corp.*, 2009 WL 2524601, at *3 (S.D. Tex. 2009). "Affidavits from potential class members affirming their intention to join the suit are ideal for analysis of whether 'the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (citations omitted). Ali failed to solicit affidavits from other employees discussing Defendants' overtime policy or their intention to join the suit. In this case, affidavits from other employees would have been helpful to the Court for two reasons. First, additional affidavits would show that the Defendants implemented the same policy at their various gas stations and convenience stores. Second, the affidavits would demonstrate that additional plaintiffs wish to join this collective action suit.

Although "'the standard at this stage is lenient, it is not automatic.'" *Conerly v. Marshall Durbin Co.*, 2007 WL 3326836, at *9 (S.D. Miss. 2007) (quoting *Badgett v. Tex. Taco Cabana*, 2006 WL 2934265, at *2 (S.D. Tex. 2006)). In the absence of a showing that other plaintiffs exist that are similarly situated and wish to join the suit, this Court will not certify a collective action suit. "One affidavit is not enough to establish that the collective action, along with the expensive notice it requires, is the most efficient way to proceed with litigation." *Id.*; *see also Morales v. Greater Omaha Packing Co., Inc.*, 2009 WL 1650016, at *6 (D. Neb. 2009) ("There are several plaintiffs already

willing to proceed against the defendant and additional collective action members seek to join the matter."); *Goudie v. Cable Commc'ns, Inc.*, 2008 WL 4628394, at *6 (D. Or. 2008) (discussing multiple depositions and other evidence); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 230 (W.D.N.Y. 2006) (discussing at least five different affidavits submitted by plaintiffs in support of a motion for collective action notification).

The Court does not wish to quantify the evidence that must be submitted in support of a motion for collective action certification. It suffices to note simply that where, as here, Defendants are numerous and distinct, Plaintiffs must submit more evidence than a single affidavit to demonstrate that other plaintiffs exist, that they were subject to a similar policy regarding overtime compensation, and that they wish to join the suit. Without this evidence at a minimum, the Court is not convinced that a representative action is the most efficient means to proceed.

## IV. CONCLUSION

Because Ali has not made the showing required for certification of a collective action, his Motion for Class Notice and Expedited Discovery is **DENIED WITHOUT PREJUDICE**. Thus, the issue of whether the content and wording of the proposed notice is proper is moot.

In addition, Ali's Motion to Equitably Toll the Statute of Limitations until resolution of matters concerning the collective action is **DENIED AS MOOT**.

Ali may resubmit a class certification motion with persuasive evidence at a later date. The evidence must show that similarly situated plaintiffs wish to join the suit. Ali may also reassert his equitable tolling arguments in the resubmitted motion and the Court will take the matter under advisement.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 22nd day of December, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**